IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAUNDERS McLAURIN,          )<br>              Petitioner,                    )<br>                                                )<br>     v.                                          )<br>                                                )<br> D.W. Pitkins, et al.,                   )<br>              Respondents.              ) | Civil Action No. 11-50 Erie<br><br>Magistrate Judge Susan Paradise Baxter |

## OPINION AND ORDER[1]

Presently before the Court is a petition for a writ of habeas corpus filed by Petitioner, Saunders McLaurin. [ECF No. 11]. He is challenging the judgment of sentence imposed upon him by the Court of Common Pleas of Erie County on January 28, 2009. For the reasons set forth below, his petition is denied and a certificate of appealability is denied.

## I.

### A.     Relevant Background[2]

Petitioner was charged in the Erie County Court of Common Pleas at Criminal Docket Number 2093 of 2008 with one count of Robbery, Theft By Unlawful Taking, and Receiving Stolen Property. The court appointed Assistant Public Defender Michael A. DeJohn, Esquire, to be his counsel. The Honorable Ernest J. DiSantis, Jr., presided over a non-jury trial on December 18, 2008.

The Superior Court of Pennsylvania summarized the basic facts of this case:

A review of the record discloses that on the 21st day of June, 2008, Kathleen Anderson and her daughter (Jamie Sheehan) were walking home from an evening at a local bar when Anderson had her purse stolen by a person later identified as [Petitioner]. Prior to

---

[1]     In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

[2]     Respondents have submitted the Common Pleas Court's file and relevant transcripts. The documents in the Common Pleas Court's file are indexed and numbered 1 through 23. They shall be cited to as "CP Dkt. No. __."

1

>the incident, Sheehan had managed to distance herself one-half block from her mother. During the course of the robbery, Anderson was hit in the eye by her assailant, which caused her to fall and yell for her daughter's intervention. Sheehan came to her mother's aid and, in the course thereof, retrieved the stolen purse from [Petitioner].... Anderson gave a videotaped statement to police but not before receiving treatment at the hospital, which diagnosed her with sustaining a subdural hematoma, draining, and a concussion.... Anderson could not select her assailant from a photo array, she did identify [Petitioner] as her attacker at the preliminary hearing.  Also, Sheehan and Anderson selected [Petitioner] as the perpetrator of the offenses charged at his non-jury trial, which resulted in the trial court finding [Petitioner] guilty.

(CP Dkt. No. 15, Commonwealth v. McLaurin, No. 156 WDA 2009, slip op. at 1-2 (Pa.Super. Oct. 7, 2009)).

In his subsequent appeal to the Superior Court, Petitioner claimed that there was insufficient evidence to support the trial court's verdicts.  Attorney DeJohn submitted a "Statement of Intent to File an *Anders/McClendon* Brief," in which he explained that he believed that there were no non-frivolous issues that could be raised on direct appeal.  (CP Dkt. No. 12).

On October 7, 2009, the Superior Court issued a Memorandum in which it affirmed Petitioner's judgment of sentence.  It first concluded that DeJohn had complied with the requirements of Anders. (CP Dkt. No. 15, McLaurin, No. 156 WDA 2009, slip op. at 3).  It then reviewed Petitioner's claim that there was insufficient evidence to support his convictions and rejected it on the merits.  (Id. at 4-6).

On April 10, 2010, Petitioner filed a *pro se* motion under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*.  (CP Dkt. No. 16).  The court appointed William J. Hathaway, Esquire, to represent him.  Hathaway subsequently filed a petition for leave to withdraw as counsel and an accompanying "no-merit" letter pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa. 1988).  (CP Dkt. Nos. 19, 20).

On May 17, 2010, the PCRA Court granted Hathaway's petition for leave to withdraw and issued an Opinion and Notice of Intent to Dismiss PCRA Without a Hearing Pursuant to Pa.R.Crim.P. 907(1).

(CP Dkt. No. 21). Pursuant to Pennsylvania Rule of Criminal Procedure 907, Petitioner had 20 days to file a response to the PCRA Court's Notice of Intent to Dismiss. He did not file one. On June 10, 2010, the PCRA Court issued an Order in which it denied the PCRA motion. (CP Dkt. No. 22). Petitioner did not file an appeal with the Superior Court.

On or around February 18, 2011, Petitioner filed with this Court his petition for a writ of habeas corpus [ECF No. 11] and accompanying brief in support [ECF No. 12]. He claims, as he did in his direct appeal, that the Commonwealth introduced insufficient evidence to support the verdicts of guilt. He also raises numerous other claims, including that his Miranda rights were violated, that the indictment was amended improperly, that Attorney DeJohn provided him with ineffective assistance of counsel, and that Attorney Hathaway was ineffective.[3] Respondents have filed an Answer [ECF No. 19], in which they contend, *inter alia*, that Petitioner has procedurally defaulted most of his claims. They also contend that Petitioner's claim that there was insufficient evidence should be denied on the merits.

---

[3] Petitioner also argues very generally that his "constitutional rights were abridged," that he was deprived of a fair trial and due process of law. [See ECF No. 12 at 1]. These conclusory allegations lack the specificity that is required in a habeas petition. In Mayle v. Felix, 545 U.S. 644, 649 (2005), the Supreme Court held:

> In ordinary civil proceedings, the governing Rule, Rule 8 of the Federal Rules of Civil Procedure, requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement. The habeas rule instructs the petitioner to "specify all the grounds for relief available to [him]" and to "state the facts supporting each ground."

Quoting the Advisory Committee's Note on Rule 4 of the Rules Governing Section 2254 Cases, the Supreme Court observed: "Notice pleading is not sufficient, for the petition is expected to *state facts that point to a real possibility of constitutional error*." Mayle, 545 U.S. at 656 (emphasis added). Merely asserting legal conclusions does not fulfill the requirements of Rule 2(c) of the Rules Governing Section 2254 Cases.

**B.**     **Discussion**

   **(1)**     **Insufficiency of the Evidence Claim**

      **(a)**     **Standard of Review**

This case is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214, April 24, 1996 ("AEDPA"). Under this statute, habeas relief is only available on the grounds that Petitioner's judgment of sentence was obtained in violation of his federal constitutional rights. 28 U.S.C. § 2254(a). In addition, AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002). It "requires federal courts collaterally reviewing state proceedings to afford considerable deference to state courts' legal and factual determinations." Lambert v. Blackwell, 387 F.3d 210, 234 (3d Cir. 2004).

As codified at 28 U.S.C. § 2254(d), AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was *adjudicated on the merits in State court proceedings* unless the adjudication of the claim–
>
> (1) resulted in a decision that was *contrary to,*[4] *or involved an unreasonable application of,*[5] *clearly established Federal law, as determined by the Supreme Court of the United States*; or

---

[4]   "A state-court decision is 'contrary to' clearly established federal law if the state court (1) 'contradicts the governing law set forth in [the Supreme] Court's cases' or (2) 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a [different] result.'" Lambert, 387 F.3d at 234 (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).

[5]   "A state-court decision 'involve[s] an unreasonable application' of clearly established federal law if the state court (1) 'identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular . . . case'; or (2) 'unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'" Lambert, 387 F.3d at 234 (quoting Williams, 529 U.S. at 407).

> (2) resulted in a decision that was based on an *unreasonable determination of the facts in light of the evidence presented in the State court proceeding*.

(Emphasis added).

When he appealed his judgment of sentence to the Superior Court, Petitioner raised the same insufficiency of the evidence claim that he raises in the instant petition. The Superior Court denied it on the merits. (CP Dkt. No. 15, McLaurin, No. 156 WDA 2009, slip op. at 4-6). Because it did, this Court's analysis of the claim is governed by AEDPA's standard of review as codified at § 2254(d). The Supreme Court has stressed the "highly deferential" review that this Court must accord the state court's decision under § 2254(d):

> We have explained that "an unreasonable application of federal law is different from an incorrect application of federal law." Williams v. Taylor, 529 U.S. 362, 410, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Indeed, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id., at 411, 120 S.Ct. 1495. Rather, that application must be "objectively unreasonable." Id., at 409, 120 S.Ct. 1495. This distinction creates "a substantially higher threshold" for obtaining relief than *de novo* review. Schriro v. Landrigan, 550 U.S. 465, 473, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007). AEDPA thus imposes a "highly deferential standard for evaluating state-court rulings," Lindh v. Murphy, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and "demands that state-court decisions be given the benefit of the doubt," Woodford v. Visciotti, 537 U.S. 19, 24, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) (per curiam).

Renico v. Lett, — U.S. — , 130 S.Ct. 1855, 1862 (2010). See also Harrington v. Richter, — U.S. —, 131 S.Ct. 770, 786 (2011) ("If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings…. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther.").

**(b)     Was the Superior Court's Decision "Contrary To or An Unreasonable Application Of Clearly Established Federal Law, As Determined By the Supreme Court Of the United States"?**

The "clearly established Federal law," 28 U.S.C. § 2254(d)(1), in which to analyze this claim is set forth in <u>Jackson v. Virginia</u>, 443 U.S. 307 (1979). "The Constitution prohibits the criminal conviction of any person except upon proof of guilt beyond a reasonable doubt" of each element of the offense. <u>Id.</u> at 309. Under <u>Jackson</u>, evidence is sufficient to support a conviction if, "after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. at 319 (emphasis in original). "<u>Jackson</u> leaves juries broad discretion in deciding what inferences to draw from the evidence presented at trial, requiring only that jurors [or, in this case the trial judge] 'draw reasonable inferences from basic facts to ultimate facts.'" <u>Coleman v. Johnson</u>, — U.S. — , 132 S.Ct. 2060, 2064 (2012) (*per curiam*) (quoting <u>Jackson</u>, 443 U.S. at 319).

In rejecting this claim, the Superior Court applied the Pennsylvania equivalent of the <u>Jackson</u> standard. (CP Dkt. No. 15, <u>McLaurin</u>, No. 156 WDA 2009, slip op. at 4). <u>See</u> also <u>Evans v. Court of Common Pleas, Delaware Cnty.</u>, 959 F.2d 1227, 1233 (3d Cir. 1992) (the test for insufficiency of the evidence is the same under both Pennsylvania and federal law). It then explained:

> Our review of the record discloses that at approximately 2:00 a.m. on June 21, 2008, Kathleen Anderson and her daughter (Jamie Sheehan) were walking home after leaving a lock bar (Cell Block) in Erie, Pennsylvania. Sheehan had managed to distance herself from her mother by one-half block when she heard her yelling. When Sheehan ran back to assist her mother, [Petitioner] ran past Sheehan with a purse taken from her mother. Sheehan gave chase and apprehended [Petitioner]. She also managed to retrieve the purse from [Petitioner's] possession, and, in the course thereof, tore open [Petitioner's] black leather coat to display a Wendy's shirt.
>
> Ms. Anderson's version of events attributed an African-American male dressed in black of removing forcibly the purse from her grasps but not before punching her in the eye, which caused her to fall to the pavement. Mother and daughter both identified [Petitioner] as the assailant at trial. N.T. Non-Jury Trial, 12/18/08, at 19-20, 34.

6

> [Petitioner] did not dispute being in the company of Anderson and Sheehan on June 21, 2008, after leaving his employment at Wendy's, but his version painted Anderson as the aggressor and Sheehan as the party that struck him with a purse. In the ensuing conflagration, [Petitioner] indicated he may have bumped into Anderson, but he denied stealing a purse or intentionally assaulting Anderson. Id. at 90 ([Petitioner]: "I don't understand why they said what I did is true because it's not true.'"). The trial court, sitting as the trier-of-fact and credibility-assessor, believed Anderson's and Sheehan's account of a robbery, assault, and theft of a purse by [Petitioner] involving Anderson. Cf. Commonwealth v. Dean, 940 A.2d 514, 518 (Pa.Super. 2008) ("[A]s an appellate court, we will not invade the bailiwick of the […] court on credibility issues that are underpinnings for findings-of-fact supported by the record.").
>
> When the evidence presented is viewed in the light most favorable to the Commonwealth as the verdict-winner, we agree with the trial court's verdict finding [Petitioner] guilty of robbery, simple assault, and theft by unlawful taking. See 18 Pa.C.S.A. §§ 3701(a)(1)(i) , 2701(a)(1), and 3921(a), respectively.

(Id. at 4-6 (bracketed text in the Superior Court's decision).

Because the Superior Court applied the correct legal standard when it evaluated this claim, its adjudication satisfies review under the "contrary to" clause of § 2254(d)(1). See, e.g., Williams, 529 U.S. at 406. Therefore, the only remaining question for this Court to decide is whether its decision was an "unreasonable application of" Jackson or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The Supreme Court has recently stressed to federal habeas courts conducting this analysis that:

> [w]e have made clear that Jackson claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury [or, in the case of Petitioner's non-jury trial, the trial judge] … to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the [trial court's] verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the [trial court]." Cavazos v. Smith, 565 U.S. 1, __ (2011) (*per curiam*) (slip op., at 1). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" Ibid. (quoting Renico v. Lett, 559 U.S. __, __ (2010) (slip op., at 5)).
>     - - -

7

> [T]he only question under Jackson is whether [the trial court's] finding was so insupportable as to fall below the threshold of bare rationality. The state court of last review did not think so, and that determination in turn is entitled to considerable deference under AEDPA, 28 U.S.C. § 2254(d).

Coleman, 132 S.Ct. at 2062, 2065.

The Superior Court's decision that that the trial judge's verdict was supported by the constitutional minimum of evidence necessary was objectively reasonable. Accordingly, there is no basis for this Court to disturb the Superior Court's adjudication under AEDPA's deferential standard of review. 28 U.S.C. § 2254(d). Petitioner's actual contention is that the trial judge's verdicts were against the weight of the evidence. That is purely a state law claim that is distinct from a federal due process claim, and, as such, it is not a claim that is cognizable in federal habeas corpus. Tibbs v. Florida, 457 U.S. 31, 37-45 (1982) (weight of evidence claims raise questions of credibility; it is different from a claim that the evidence was insufficient to support the conviction); see also Young v. Kemp, 760 F.2d 1097, 1105 (11th Cir. 1985).

Based upon all of the foregoing, Petitioner's claim that there was insufficient evidence to support the trial court's verdicts must be denied. This Court, which must give "considerable deference under AEDPA," to the Superior Court's adjudication of this same claim, Coleman, 132 S.Ct. at 2065, cannot grant Petitioner relief under the circumstances presented here.

**(2)     PCRA Counsel's Ineffective Assistance**

Petitioner argues that Hathaway provided him with ineffective assistance as PCRA counsel. This claim must be denied because Petitioner did not have a federal constitutional right to counsel during his state post-conviction proceeding, see, e.g., Pennsylvania v. Finley, 481 U.S. 551, 555 (1987), and, therefore, this claim is not cognizable under 28 U.S.C. §2254. See § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a

8

ground for relief in a proceeding under section 2254."). See also Wainwright v. Torna, 455 U.S. 586 (1982) (where there is no constitutional right to counsel there can be no deprivation of effective assistance.)").[6]

As discussed more fully below, in Martinez v. Ryan, — U.S. —, 132 S.Ct. 1309 (2012), the Supreme Court held for the first time that in states like Pennsylvania, where state law requires that claims of ineffective assistance of trial counsel be raised in an initial-review collateral proceeding (such as the PCRA), petitioner may be able to establish "cause" sufficient to overcome a procedural default of "a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 132 S.Ct. at 1321. Importantly, the Supreme Court based its decision on what it determined to be an equitable right to seek relief from a procedural default in a federal habeas matter. It did not hold that a petitioner has a constitutional right to counsel in initial-review collateral proceedings such as the PCRA. Id. at 1313-21.

Based upon all of the foregoing, Petitioner's claim that Hathaway was ineffective must be denied.

### (3)    Petitioner's Other Claims Are Procedurally Defaulted

The remainder of Petitioner's claims must be denied because he did not exhaust them in the state court, and, therefore, he has procedurally defaulted them. The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991). See also O'Sullivan v. Boerckel, 526 U.S. 838, 842-49 (1999). The requirement is:

> principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. See Braden v. 30th Judicial Circuit

---

[6]    In contrast, "[t]he PCRA statute itself, unlike the federal habeas law …, does not explicitly forbid relief for claims of ineffective assistance of post-conviction counsel." Commonwealth v. Ford, 44 A.3d 1190, 1199 (Pa.Super. 2012).

> Court of Kentucky, 410 U.S. 484, 490-491, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443 (1973). Under our federal system, the federal and state "courts [are] equally bound to guard and protect rights secured by the Constitution." Ex parte Royall, 117 U.S. [241, 251, 6 S.Ct. 734, 740 (1886)]. Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." Darr v. Burford, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950). See Duckworth v. Serrano, 454 U.S. 1, 3, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981) (per curiam) (noting that the exhaustion requirement "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights").

Rose v. Lundy, 455 U.S. 509, 517 (1982) (footnote omitted).

Importantly, in order to exhaust a claim, a petitioner must "fairly present" it to each level of the state courts. Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000) (citing 28 U.S.C. § 2254(b)); O'Sullivan, 526 U.S. at 848. In Pennsylvania, this requirement generally means that a petitioner in a non-capital case must have presented every federal constitutional claim raised in his habeas petition to the Common Pleas Court and then the Superior Court either on direct or PCRA appeal. See, e.g., Lambert, 387 F.3d at 233-34.

Here, the only claim that Petitioner raised to the Superior Court is the insufficiency of the evidence claim discussed above. Accordingly, none of his other claims are exhausted. Because he did not exhaust them, they are now procedurally defaulted. See, e.g., Lines, 208 F.3d at 160; Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000). Like the exhaustion doctrine, the doctrine of procedural default is "grounded in concerns of comity and federalism," Coleman, 501 U.S. at 730, and it bars federal habeas review of a claim whenever the petitioner failed to raise it in compliance with a state's procedural rules. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wainwright v. Sykes, 433 U.S. 72 (1977); Lines, 208 F.3d at 162-69.

10

A petitioner whose habeas claim is procedurally defaulted can overcome the default, thereby allowing federal court review, if he can demonstrate "cause" for the default, *i.e.*, that some objective factor "external to the defense" impeded efforts to comply with the state's procedural rule, and "actual prejudice."[7]  See, e.g., Coleman, 501 U.S. at 750; see also Murray v. Carrier, 477 U.S. 478, 488, 494 (1986).  As noted above, in Martinez the Supreme Court established a "limited qualification" to its holding in Coleman that an attorney's error in a post-conviction proceeding does not establish cause to excuse a procedural default.  It held that where state law requires that claims of ineffective assistance of trial counsel be raised in an initial-review collateral proceeding (as it does in Pennsylvania), a petitioner may establish "cause" sufficient to overcome the default of a claim if "appointed counsel *in the initial-review collateral proceeding*, where the claim should have been raised, was ineffective under the standards of Strickland v. Washington, 466 U.S. 668 (1984)."  Martinez, 132 S.Ct. at 1318 (emphasis added).

The holding in Martinez does not assist Petitioner.   First, Martinez applies only to ineffective-assistance-of-trial-counsel claims.  132 S.Ct. at 1315-18, 1319 ("Coleman held that an attorney's negligence in a postconviction proceeding does not establish cause, and this remains true except as to initial-review collateral proceedings for claims of ineffective assistance of counsel at trial.").  Thus, Petitioner cannot rely on that decision to overcome the default of any of his claims except for his claim that Attorney DeJohn was ineffective.  Second, Petitioner cannot rely on Hathaway's alleged

---

[7]  A petitioner may also overcome a procedural default of a claim if he can demonstrate a "miscarriage of justice."  This exception provides that a procedural default may be excused if the petitioner presents evidence of "actual innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]" Schlup v. Delo, 513 U.S. 298, 316 (1995).  See also House v. Bell, 547 U.S. 518 (2006); Houck v. Stickman, 625 F.3d 88, 93-95 (3d Cir. 2010); Hubbard v. Pinchak, 378 F.3d 333, 339-41 (3d Cir. 2004).  It only applies in extraordinary cases where the petitioner demonstrates that a constitutional violation has probably resulted in the conviction of one who is actually innocent. Id.; Hubbard, 378 F.3d at 339-40.  It is not applicable to Petitioner's case.

ineffectiveness to establish cause to excuse his default because he failed to raise that allegation to the Superior Court when he had the opportunity to do so in a PCRA appeal.[8] See, e.g., Edwards v. Carpenter, 529 U.S. 446 (2000) (a petitioner can procedurally default the claim of ineffectiveness that he is relying upon to establish cause for the default of another claim). As the Supreme Court has explained:

> [W]e think that the exhaustion doctrine, which is "principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings," Rose v. Lundy, 455 U.S. 509, 518 (1982), *generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default....* [I]f a petitioner could raise his ineffective assistance claim for the first time on federal habeas in order to show cause for a procedural default, the federal habeas court would find itself in the anomalous position of adjudicating an unexhausted constitutional claim for which state court review might still be available. The principle of comity that underlies the exhaustion doctrine would be ill served by a rule that allowed a federal district court "to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," Darr v. Burford, 339 U.S. 200, 204 (1950), and that holds true whether an ineffective assistance claim is asserted as cause for a procedural default or denominated as an independent ground for habeas relief.

Carrier, 477 U.S. at 488-89 (emphasis added, parallel citations omitted).

Based upon all of the foregoing, the remainder of Petitioner's claims must be denied because they are procedurally defaulted.

## C.  Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the

---

[8]  At the time at issue here, the Superior Court considered claims of PCRA counsel's ineffectiveness on appeal. See, e.g., Commonwealth v. Lauro, 819 A.2d 100, 108 (Pa. Super. 2003) ("[c]laims of PCRA counsel's ineffectiveness must be raised at the first opportunity at which the defendant is represented by counsel other than the attorney whose effectiveness is challenged."). It has recently changed that policy after concluding that "a majority of the Supreme Court [of Pennsylvania] agrees that issues of PCRA counsel effectiveness must be raised in a serial PCRA petition or in a response to a notice of dismissal before the PCRA court." Ford, 44 A.3d at 1200.

12

denial of a constitutional right."  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  When the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id.  Applying those standards here, jurists of reason would not find it debatable whether Petitioner's claims should be denied.  Accordingly, a certificate of appealability is denied.

## II.

For the reasons set forth above, the petition for a writ of habeas corpus is denied and a certificate of appealability is denied.  An appropriate Order follows.


Dated:  November 1, 2012
/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

13

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SAUNDERS McLAURIN,** ) | |
| Petitioner, ) | **Civil Action No. 11-50 Erie** |
| ) | |
| v. ) | |
| ) | **Magistrate Judge Susan Paradise Baxter** |
| **D.W. Pitkins, et al.,** ) | |
| Respondents. ) | |

### **ORDER**

AND NOW, this __ day of October, 2012;

IT IS HEREBY ORDERED that the petition for a writ of habeas corpus is DENIED and a certificate of appealability is DENIED. The Clerk of Courts is directed to close this case.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge